FILED

2026 FEB 20  PM 4: 24

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

KEVIN CESAR RIOS,                          §
  Petitioner,                    §
        §
v.                                         §  Cause No. EP-25-CV-109-DCG
        §
WARDEN, FCI La Tuna,                       §
  Respondent.                     §

**MEMORANDUM OPINION AND ORDER**

Petitioner Kevin Cesar Rios, federal prisoner number 80606-509, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His opposed petition is dismissed for lack of jurisdiction.

**BACKGROUND**

Rios is a 24-year-old federal prisoner serving a sentence for a drug trafficking offense who was confined at the La Tuna Federal Correctional Institution in Anthony, Texas, when he filed his petition. *See* www.bop.gov/inmateloc (search for Reg. 80606-509, last visited Feb. 17, 2026). He is currently participating in a prerelease residential re-entry program in San Antonio, Texas, with a projected release date of March 2, 2026. *Id.*

Rios was recruited to deliver approximately 4.5 kilograms of cocaine smuggled from Mexico into the United States and return approximately $72,000 in proceeds to Mexico. *See United States v. Rios*, EP-23-cr-01923-DCG (W.D. Tex.), Presentence Investigation, ECF No. 74 at ¶ 11. He pleaded guilty to conspiracy to possess with intent to distribute a quantity of cocaine (Count One) and possession with intent to distribute a quantity of cocaine and aiding and abetting (Count Two). *Id.*, J. Crim. Case, ECF No. 76. He was sentenced to concurrent terms of 30 months' imprisonment on each count. *Id.*

In his § 2241 petition, Rios challenges the failure of the Bureau of Prisons (BOP) to apply his First Step Act Earned Time Credits (FTCs) toward his placement in pre-release custody (Residential Reentry

Center (RRC) or home confinement).[1] Pet'r's Pet., ECF No. 1 at 1. Specifically, he alleges that his FSA time credits should have begun accruing on the date of his sentencing on August 8, 2024, rather than on the day he arrived at the designated BOP facility on October 29, 2024. He suggests that he had sufficient ETCs for his placement in a halfway house no later than March 27, 2025. *Id.* at 2. He concedes that he has not exhausted his administrative remedies. *Id.* at 3. Still, he asks that the Court intervene on his behalf and order Respondent Warden to (1) grant him ETCs from the date of his sentencing on August 8, 2024, (2) apply his ETCs toward his immediate placement in pre-release custody (a halfway house). *Id.* at 2.

## STANDARD OF REVIEW

Before a prisoner may file a cognizable § 2241 petition in a federal court, he must first exhaust all his available administrative remedies. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). His exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the agency with custody over him. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

To comply with the exhaustion requirement, a federal prisoner must use the BOP's multi-tiered administrative remedy program and "seek formal review of an issue relating to any aspect of [his] confinement." 28 C.F.R. § 542.10(a). Initially, he must attempt to informally resolve the complaint with the staff with Form BP-8. *Id.* § 542.13(a). If his informal attempt is unsuccessful, he must submit a written complaint to his warden on Form BP-9. *Id.* § 542.14. If he is not satisfied with the warden's response, he

---

[1] The First Step Act (FSA) permits qualifying inmates to apply FSA Earned Time Credits (FTCs) towards prerelease community-based placement in a Residential Reentry Center (RRC) or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)-(c). It creates incentives to encourage prisoners to participate in evidence-based recidivism reduction (EBRR) programs and productive activities (PAs). 18 U.S.C. § 3632(d). It gives prisoners the opportunity to earn ten days of ETCs for every 30 days of successful participation in EBRR programs and PAs. *Id.* § 3632(d)(4)(A)(i). It allows offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of ETCs if they did not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii). However, the Director may transfer a prisoner into prerelease custody only in accordance with 18 U.S.C. § 3624(c).

may appeal to his regional director on Form BP-10. *Id.* § 542.15. If still not satisfied, he may appeal to the "Central Office" using Form BP-11. *Id.*

A prisoner may consider the absence of a timely response a denial at that level and proceed to the next level. *Id.* But he may seek relief in federal court only after he has exhausted all levels of the administrative review process. *See Woodford*, 548 U.S at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). And a petitioner bears the burden of demonstrating such circumstances. *Id.*

## ANALYSIS

Rios concedes that he has not pursued his claims through the BOP's administrative review process. Pet'r's Pet., ECF No. 1 at 3. He claims—incorrectly—that the legal procedures under 28 U.S.C. § 2241 ... are specifically excluded from said requirement." *Id.*; *see Fillingham*, 867 F.3d at 535. He has not claimed an exception to the exhaustion requirement is appropriate or that an "an attempt to exhaust such remedies would itself be a patently future course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (citation omitted). A search of Rios' administrative remedy history shows that he has not filed any administrative remedies while in BOP custody. Gov't's Resp, Ex. 1 (Decl. of Carrie Masters) at

ECF No. 5-2 ¶ 5 and *id.*, Attach. 3 (Administrative Remedy Generalized Retrieval), ECF No. 5-5.

Consequently, the Court finds that because Rios has failed to exhaust, it lacks the jurisdiction to adjudicate his disputes with the BOP. It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).

## CONCLUSION AND ORDER

The Court concludes Rios has failed to exhaust his administrative remedies and it lacks the jurisdiction necessary to adjudicate his claims. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Kevin Cesar Rios' *pro se* "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this _19th_ day of February 2026.

DAVID C. GUADERRAMA
**SENIOR UNITED STATES DISTRICT JUDGE**

4